**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>PMI SYSTEMS, INC.,<br><br>DEBTOR. | CHAPTER 11<br><br>BANKRUPTCY NO. 14-5988<br><br>HONORABLE CAROL A. DOYLE<br><br>HRG DATE: OCTOBER 29, 2014<br>HEARING TIME: 10:00 A.M. |

**NOTICE OF MOTION FOR SECOND AND FINAL
APPLICATION FOR COMPENSATION OF THE LAW
OFFICE OF WILLIAM J. FACTOR, LTD. AS COUNSEL FOR
THE DEBTOR AND HEARING THEREON**

**Please take notice that** on October 6, 2014, the undersigned filed the Second and Final Application for Compensation of The Law Office of William J. Factor, Ltd., and William Factor (collectively, "*FactorLaw*"), as Attorneys for the Debtor (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division,

**Please take further notice that,** in the Application FactorLaw seeks a final award of compensation in the amount of $5,065.00, for services rendered during the period of July 31, 2014 through August 21, 2014,

**Please take further notice that,** a hearing to consider the Application will be held before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **October 29, 2014 at 10:00 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: October 6, 2014            **PMI SYSTEMS. INC.**

                                         By: /s/ William J. Factor
                                               One of Its Attorneys

William J. Factor (6205675)
**THE LAW OFFICE OF**
     **WILLIAM J. FACTOR, LTD.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-6146
Fax:     (847) 574-8233
Email:   wfactor@wfactorlaw.com

# CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that on October 6, 2014, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying Motion, to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants.

/s/ William J. Factor

**Registrants**

(Served Via CM/ECF)

- Mark A Carter         mac@ag-ltd.com, lhope@ag-ltd.com
- Brian M. Dougherty    bmd@gsrnh.com, kam@gsrnh.com
- William J Factor      wfactor@wfactorlaw.com,
  wfactorlaw@gmail.com;gsullivan@wfactorlaw.com; gsullivan@ecf.inoruptcy.com;wfactor@ecf.inoruptcy.com
- David Paul Holtkamp   dholtkamp@wfactorlaw.com, gsullivan@wfactorlaw.com, gsullivan@ecf.inoruptcy.com dholtkamp@ecf.inoruptcy.com
- Gina B Krol           gkrol@cohenandkrol.com, gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com;jneiman@cohenandkrol.com
- Patrick S Layng       USTPRegion11.ES.ECF@usdoj.gov
- Douglas R Lindstrom   dlindstrom@l-wlaw.com, cthode@l-wlaw.com
- John R Potts          ryan@brotschulpotts.com

{00018758}                            3

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>PMI SYSTEMS, INC.,<br><br>DEBTOR. | CHAPTER 11<br><br>BANKRUPTCY NO. 14-5988<br><br>HONORABLE CAROL A. DOYLE<br><br>HEARING DATE: OCTOBER 29, 2014<br>HEARING TIME: 10:00 A.M. |

### SECOND AND FINAL APPLICATION FOR COMPENSATION OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. AS COUNSEL FOR THE DEBTOR

By this Application, The Law Office of William J. Factor, Ltd. ("*FactorLaw*") seeks an order of this Court: (a) allowing and awarding FactorLaw on a final basis fees in the amount of $5,065.00 for professional services rendered by FactorLaw as counsel for PMI Systems, Inc. (the "*Debtor*"), during the period of July 31, 2014 through August 21, 2014 (the "*Application Period*") and (b) making final the prior award of fees and expenses of FactorLaw in the amount of $54,005.04.

FactorLaw makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

### JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

### I. Case background and first interim fee application.

4. On February 24, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as debtor-in-possession. No trustee, examiner, or committee has been appointed in the case.

6. The Debtor is an Illinois corporation located in Batavia, Illinois, that is in the business of electrical construction and maintenance. The Debtor focuses on performing construction, installations, and maintenance of traffic signals, street lights, fiber optics, directions boring, and railroad projects.

7. Prior to September of 2012, the Debtor was known as Gaffney's Protective Maintenance, Inc. Under that name, the Debtor executed loan agreements with the Bank. On or about July 20, 2009, the Bank filed UCC financing statements with the Illinois Secretary of State to secure its loans given to the Debtor, under its pre-existing name. In or about August of 2012, those loan agreements were consolidated.

8. On May 14, 2014, the Court entered an Order authorizing the Debtor to retain Applicant as a financial advisor and accountant effective as of the Petition Date.

9. On July 21, 2014, the Debtor commenced soliciting votes for its Plan of Reorganization dated June 24, 2014 (the "Plan"). The Court approved the Plan and disclosure statement on August 21, 2014. The Plan's Effective Date was September 6, 2014.

## II. Summary of services rendered by FactorLaw.

10. This Application is the second and final application for compensation that FactorLaw has filed in the Case. The fees for services (the "*Services*") provided by FactorLaw during the Application Period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 12.70 | $4,445.00 |
| David Holtkamp | Associate | $250 | 1.80 | $450.00 |
| Sam Rogers | Legal Assistant | $100 | 1.70 | $170.00 |
|  |  | **Totals:** | **16.2** | **$5,065.00** |

11. The Firm maintains contemporaneous written records of the time expended by its professionals.

12. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

## III. Breakdown of Fees by Category of Services Rendered.

13. For the Court's reference, FactorLaw has categorized the Services it provided to the Debtor into the following categories: (a) Case Administration, (b) Plan and Disclosure Statement, and (c) Fee Application.

### A. Administrative matters (Exhibit A-1)

14. During the Application Period, FactorLaw expended 1.2 hours with a value of $310.00 in connection with general administrative matters.

15. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | .10 | 35.00 |
| David Holtkamp | Associate | $250 | 1.10 | 275.00 |
| | | Totals: | 1.20 | $310.00 |

B.   Plan and disclosure statement (Exhibit A-2)

16.   During the Application Period, FactorLaw expended 6.30 hours with a value of $2,135.00 in connection with preparing and filing a plan and disclosure statement.

17.   The professionals providing such services are set forth below.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 5.60 | $1,960.00 |
| David Holtkamp | Associate | $250 | .70 | $175.00 |
| | | Totals: | 6.3 | $2,135.00 |

C.   Professionals (Exhibit A-3)

18.   During the Application Period, FactorLaw expended 8.7 hours with a value of $2,620.00 in connection with the retention and compensation of professionals.

19.   A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 7.0 | $2,450.00 |
| Sam Rodgers | Paralegal | $100 | 1.7 | $170.00 |
| | | Totals: | 8.7 | $2,620.00 |

## DISCUSSION

### IV. The Firm's fees are reasonable and should be allowed.

20. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord *In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S.

557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

22. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

23. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

24. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is $313. This average rate is fair and reasonable in light of the Services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by FactorLaw is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

V. Notice

25. No prior request for the relief requested by this Application has been made to this Court or any other court.

26. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation. In this case, creditors will receive 21 days' notice of the request for compensation, which Applicant intends to present at the time of the hearing on the Confirmation of the Debtor's plan.

27. A notice advising of the hearing on this application will be transmitted to all creditors within 21 days of the presentment date. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, FactorLaw respectfully requests that the Court enter an Order (a) allowing and awarding FactorLaw on a final basis (i) fees in the amount of $5,065.00 incurred during the Application Period, and (ii) the Interim Compensation of $46,500.00, for a total combined final award of fees in the amount of $51,565.00 and expenses in the amount of $2,440.04, and granting such other and further relief as this Court deems just and appropriate.

| | |
|---|---|
| Dated: October 6, 2014 | **THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.** |
| | By: /s/ William J. Factor<br>One of His Attorneys |

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-0977
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com

EX A-1

| Date | Prof. | Hours | Rate | Value | Time Detail |
|---|---|---|---|---|---|
| 8/6/2014 | DPH | 0.30 | 250.00 | 75.00 | Email client and counsel to bank regarding cash collateral (.2) forward new order and budget (.1) |
| 8/7/2014 | DPH | 0.30 | 250.00 | 75.00 | Attend hearing on cash collateral (.3) |
| 8/11/2014 | DPH | 0.50 | 250.00 | 125.00 | Talk with attorney in state court litigation against PMI on indemnity claim (.5) |
| 8/15/2014 | WJF | 0.10 | 350.00 | 35.00 | Review status of MOR filing and email to client and accountant regarding same |
|  |  | 1.20 |  | 310.00 |  |

| Date | Prof. | Hours | Rate | Value | Time Detail |
|---|---|---|---|---|---|
| 8/1/2014 | SR | 1.50 | 100.00 | 150.00 | Formulate time detail for first interim fee application (1.2.); emails to/from W. Factor regarding same (.1); file first interim fee application for Richard McNamee (.2). |
| 8/1/2014 | WJF | 4.60 | 350.00 | 1610.00 | Prepare interim fee application for FactorLaw (2.6.); work on time detail for fee application (2-0) |
| 8/1/2014 | WJF | 2.40 | 350.00 | 840.00 | Prepare and cause to be filed fee application for R. McNamee (accountant) |
| 8/4/2014 | SR | 0.20 | 100.00 | 20.00 | Prepare amended notice of first interim fee application for FactorLaw; file and cause same to be served. |
| | | 8.70 | | 2620.00 | |

| Date | Prof. | Hours | Rate | Value | Time Detail |
|---|---|---|---|---|---|
| 7/31/2014 | DPH | 0.70 | 250.00 | 175.00 | Compile documents to file certificate of service of plan, disclosure statement etc. and draft and file same. (.7) |
| 8/7/2014 | WJF | 0.20 | 350.00 | 70.00 | Telephone call with attorney for Aldrige Electric regarding plan and disclosure statement |
| 8/8/2014 | WJF | 0.20 | 350.00 | 70.00 | Telephone call with Ryan Potts regarding Bank's position on plan |
| 8/11/2014 | WJF | 0.40 | 350.00 | 140.00 | Emails with client regarding scheduling call for today (.1); review claim chart and analysis of same related to claim objections and voting issues (.2) review email from Mark Carter regarding settlement agreement and email to Dwayne Barlow regarding same (.1) |
| 8/11/2014 | WJF | 0.70 | 350.00 | 245.00 | Telephone call with Dwayne and Steve to discuss claim objections and plan voting issues |
| 8/12/2014 | WJF | 0.10 | 350.00 | 35.00 | Email to Dwayne and Steve regarding plan voting |
| 8/14/2014 | WJF | 0.80 | 350.00 | 280.00 | Telephone call with Dwayne, Dick and Steve to discuss status of plan voting and position of bank (.4); telephone call with Ryan Potts discuss bank's position regarding plan (.2); follow-up call with Dwayne Barlow to discuss bank's position on plan (.20) |
| 8/18/2014 | WJF | 0.20 | 350.00 | 70.00 | Telephone call with creditor regarding voting on plan and ballot (.10); telephone call with Dwayne Barlow regarding plan voting (.10) |
| 8/19/2014 | WJF | 1.20 | 350.00 | 420.00 | Review balloting (.10); prepare ballot report (1.1) |
| 8/20/2014 | WJF | 0.10 | 350.00 | 35.00 | Respond to email from R. McNamee regarding plan confirmation hearing |
| 8/21/2014 | WJF | 1.70 | 350.00 | 595.00 | Prepare for confirmation hearing (.50); attend confirmation hearing (.70); meet with Dwayne Barlow after hearing to discuss next steps in exiting bankruptcy (.50) |
| | | 6.30 | | 2135.00 | |